1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN SALAZAR ARROYO,<br><br>                                    Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Warden,<br>Otay Mesa Detention Center, et al.,<br><br>                                    Respondents. | Case No.:  25cv2190-LL-MMP<br><br>**ORDER GRANTING IN PART FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[ECF No. 4]** |

Pending before the Court is Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 4 ("Pet."). Respondents filed a Return [ECF No. 7], and Petitioner filed a Traverse [ECF No. 9]. For the following reasons, the Court **GRANTS IN PART** the Petition.

**I.     BACKGROUND**

Petitioner is a Mexican national who entered the United States in 2004 without being admitted or paroled. Pet. ¶ 18. He has resided in the United States for 21 years, and his wife and children are U.S. citizens. *Id.* ¶ 19. On June 19, 2025, Petitioner was encountered by ICE agents at Home Depot and subsequently detained. *Id*. ¶ 20. He has been detained since then at Otay Mesa Detention Center. *Id.* ¶ 7. He was charged with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) as being present in the United States without admission or parole. *Id.* ¶ 20. Petitioner has been granted bond of $7,500 by an immigration judge in

1   connection with the underlying proceedings. *Id.* ¶ 21. However, before Petitioner's family

2   could post bond, ICE filed a notice of intent to appeal, and the appeal remains pending. *Id.*;

3   *see also* Exhibit A attached to the Petition. Under 8 C.F.R. § 1003.19(i)(2), the filing

4   resulted in the automatic stay of the immigration judge's bond order pending appeal, and

5   Petitioner remains in custody in the interim. Petition ¶ 21.

6         On September 8, 2025, Petitioner filed the operative Petition for a writ of habeas

7   corpus alleging that: (1) his detention is governed by 8 U.S.C. § 1226(a) (Pet. at 16); (2)

8   the automatic-stay regulation exceeds statutory authority and violates the Fifth

9   Amendment's Due Process Clause; (3) Respondents failed to comply with the requirements

10  set out under 8 C.F.R. § 1003.6(c)(1) and the automatic stay should have lapsed; and (4)

11  Respondent's application of the automatic stay is *ultra vires*, exceeding authority conferred

12  by Congress. Pet. ¶¶ 30–43. He seeks a writ of habeas corpus directing Respondents to

13  immediately release him from custody under reasonable conditions of supervision. *Id.* at

14  17.

15  **II.     LEGAL STANDARD**

16        A district court may grant a writ of habeas corpus when a petitioner "is in custody

17  in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

18  § 2241(c); *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241

19  expressly permits the federal courts to grant writs of habeas corpus to aliens when those

20  aliens are 'in custody in violation of the Constitution or laws or treaties of the United

21  States.'"). In federal habeas proceedings, the petitioner bears the burden of proving his case

22  by a preponderance of evidence. *Lambert v. Blodgett*, 393 F.3d 943, 970 n.16

23  (9th Cir. 2004); *Bellew v. Gunn*, 532 F.2d 1288, 1290 (9th Cir. 1976) (citations omitted).

24  **III.    DISCUSSION**

25        Respondents argue that Petitioner's requests are barred by 8 U.S.C. § 1252; and (2)

26  Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) because he is

27  "present in the United States without being admitted." Oppo. at 6-10.

28

1

**A.    Jurisdiction**

2    Respondents argue that as a threshold matter, Petitioner's claims and requested relief

3 are jurisdictionally barred under 8 U.S.C. § 1252(g), 8 U.S.C. § 1252(b)(9), and 8 U.S.C.

4 § 1252(a)(5). ECF No. 7 at 6-8.

5

**1.    8 U.S.C. § 1252(g)**

6    Section 1252(g) states that "[e]xcept as provided in this section and notwithstanding

7 any other provision of law (statutory or nonstatutory), including section 2241 of Title 28,

8 or any other habeas corpus provision, . . . no court shall have jurisdiction to hear any cause

9 or claim by or on behalf of any alien arising from the decision or action by the Attorney

10 General to commence proceedings, adjudicate cases, or execute removal orders against any

11 alien under this chapter." 8 U.S.C. § 1252(g).

12    Respondents argue that Petitioner's claims are barred because the decision to detain

13 a noncitizen pending removal is a challenge "to the method by which the government

14 chooses to commence removal proceedings," which removes district court jurisdiction.

15 ECF No. 7 at 6. Petitioner opposes, arguing that § 1252(g) does not apply because he is not

16 challenging any discretionary action to "commence proceedings" and is instead

17 challenging the lawfulness of his detention. ECF No. 9 at 2-3.

18    The Court finds § 1252(g) does not bar its jurisdiction over Petitioner's claims. The

19 Supreme Court has explained that § 1252(g) does not bar jurisdiction for the "universe of

20 deportation claims" but instead "applies only to three discrete actions that the Attorney

21 General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or

22 *execute* removal orders.'" *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471,

23 482 (1999); *see also Ibarra-Perez v. United States*, No. 24-631, 2025 WL 2461663, at *2

24 (9th Cir. Aug. 27, 2025) ("The Supreme Court has instructed that we should read § 1252(g)

25 narrowly."). The Supreme Court later reiterated this narrow application of § 1252(g): "We

26 did not interpret this language to sweep in any claim that can technically be said to 'arise

27 from' the three listed actions of the Attorney General. Instead, we read the language to

28 refer to just those three specific actions themselves." *Jennings v. Rodriguez*, 583 U.S. 281,

25cv2190-LL-MMP

1   294 (2018) (citation omitted). Petitioner is not challenging the commencement of removal

2   proceedings but is instead claiming a lack of legal authority to subject him to mandatory

3   detention his immigration during proceedings. *See Ibarra-Perez*, 2025 WL 2461663, at *2

4   (noting that a claim based on a lack of legal authority to execute a removal order due to a

5   violation of a court order, the Constitution, INA, or international law, does not challenge

6   the decision or action to execute a removal order). Therefore, § 1252(g) does not limit the

7   Court's jurisdiction in this matter.

8   **2.      8 U.S.C. § 1252(b)(9) and 8 U.S.C. § 1252(a)(5)**

9   Section 1252(b)(9) states that "[j]udicial review of all questions of law and fact,

10  including interpretation and application of constitutional and statutory provisions, arising

11  from any action taken or proceeding brought to remove an alien from the United States

12  under this subchapter shall be available only in judicial review of a final order under this

13  section." 8 U.S.C. § 1252(b)(9). Section 1252(a)(5) adds that "a petition for review filed

14  with an appropriate court of appeals in accordance with this section shall be the sole and

15  exclusive means for judicial review of an order of removal entered or issued under any

16  provision of this chapter," except for certain actions challenging orders under § 1225(b)(1).

17  8 U.S.C. § 1252(a)(5), (e).

18  Respondents argue that § 1252(b)(9) and § 1252(a)(5) apply here because they

19  remove the Court's jurisdiction "to review both direct and indirect challenges to removal

20  orders, including decisions to detain for purposes of removal or for proceedings." ECF

21  No. 7 at 8.

22  The Court finds § 1252(b)(9) and § 1252(a)(5) do not apply to Petitioner's claims.

23  The Supreme Court has explained that "§ 1252(b)(9) 'does not present a jurisdictional bar'

24  where those bringing suit 'are not asking for review of an order of removal,' 'the decision

25  . . . to seek removal,' or 'the process by which . . . removability will be determined.'" *Dep't*

26  *of Homeland Sec. v. Regents of the Univ. of California*, 140 S. Ct. 1891, 1907 (2020)

27  (quoting *Jennings*, 583 U.S. at 294–95). The Ninth Circuit has also recognized that "claims

28  that are independent of or collateral to the removal process do not fall within the scope of

4

25cv2190-LL-MMP

1    § 1252(b)(9)." *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1032 (9th Cir. 2016). Petitioner is

2    claiming a lack of legal authority to subject him to mandatory detention under § 1225

3    instead of detention with a bond hearing under § 1226(a), which is not a review for an order

4    of removal, the decision to seek removal, or the process by which removability will be

5    determined. *See Jennings*, 583 U.S. at 292–95 (finding that § 1252(b)(9) did not deprive

6    the Court of jurisdiction to determine whether § 1225 and § 1226 require detention without

7    a bond hearing). Accordingly, § 1252(b)(9), and by extension § 1252(a)(5), does not bar

8    the Court from jurisdiction in this case.

9    **B.    Merits**

10    Petitioner argues that he is held under 8 U.S.C. § 1226(a), and that his due process

11    rights require that the Immigration Judge's bond determination remain in place. Pet. at 16;

12    Reply at 9. Respondents argue that he is held under the mandatory detention provision of

13    8 U.S.C. § 1225(b)(2). Oppo. at 9.

14    Noncitizens are detained during removal proceedings under two statutes: 8 U.S.C.

15    §§ 1225 and 1226. Section 1225 is titled "Inspection by immigration officers; expedited

16    removal of inadmissible arriving aliens; referral for hearing" and concerns "applicants for

17    admission" who are defined for purposes of § 1225 as an "alien present in the United States

18    who has not been admitted or who arrives in the United States." § 1225(a)(1). An applicant

19    for admission "seeking admission or readmission to or transit through the United States"

20    is inspected by immigration officers. § 1225(a)(3). After inspection, certain applicants for

21    admission who are deemed to be inadmissible shall be subject to expedited removal—

22    "without further hearing or review"—unless they indicate an intention to apply for asylum

23    or a fear of persecution, in which case they will be referred for a credible fear interview by

24    an asylum officer. § 1225(b)(1)(A)(i)-(ii); *see also Dep't of Homeland Sec. v.*

25    *Thuraissigiam*, 591 U.S. 103, 109 (2020). For the other applicants for admission, "if the

26    examining immigration officer determines that an alien seeking admission is not clearly

27    and beyond a doubt entitled to be admitted, the alien shall be detained" for a proceeding

28    under the regular removal process of § 1229a. § 1225(b)(2)(A). Applicants for admission

1  detained under either prong of § 1225(b) are subject to mandatory detention until removal

2  proceedings have concluded, but may be paroled into the United States by DHS "for urgent

3  humanitarian reasons or significant public benefit." 8 U.S.C. § 1182(d)(5)(A); *see also*

4  *Jennings*, 583 U.S. at 300, 302 (finding that parole is the only statutory provision for release

5  from detention under § 1225(b) during removal proceedings). There is no statutory right to

6  a bond hearing for noncitizens detained under § 1225(b). *See Jennings*, 583 U.S.

7  at 296–97.

8  　　　Section 1226 is titled "Apprehension and detention of aliens" and provides that "[o]n

9  a warrant issued by the Attorney General, an alien may be arrested and detained pending a

10  decision on whether the alien is to be removed from the United States." § 1226(a). The

11  government may then "continue to detain the arrested alien" or release the alien on bond

12  or conditional parole. § 1226(a)(1)-(2). After the initial decision is made to either detain or

13  release the noncitizen, the noncitizen may request a bond hearing (i.e., custody

14  redetermination) before an immigration judge. § C.F.R. § 1236.1(d)(1). However,

15  § 1226(c) "carves out a statutory category of aliens who may *not* be released under

16  § 1226(a)." *Jennings*, 583 U.S. at 289. Section 1226(c) specifies that noncitizens who are

17  inadmissible or deportable because of certain crimes are ineligible to be released on bond

18  or parole, unless it is deemed necessary for witness-protection purposes. §§ 1226(a), (c).

19  　　　Petitioner and Respondents interpret § 1225 and § 1226 differently. Petitioner

20  contends that the plain text of § 1226 applies to noncitizens like himself who were residing

21  in the United States at the time they were arrested and are detained pending a final

22  administrative decision in their immigration proceedings. Pet. at 16; Reply at 5-10; Oppo.

23  at 4–5. Respondents oppose, arguing that Petitioner is an "applicant for admission" per the

24  plain language of the statue and subject to mandatory detention under § 1225(b)(2).

25  ECF No. 7 at 8-11.

26  　　　"The starting point for our interpretation of a statute is always its language." *Cmty.*

27  *for Creative Non-Violence v. Reid*, 490 U.S. 730, 739 (1989) (citation omitted). "We must

28  enforce plain and unambiguous statutory language according to its terms." *Hardt v.*

*Reliance Standard Life Ins. Co.*, 560 U.S. 242, 251 (2010) (citations omitted). "But oftentimes the meaning—or ambiguity—of certain words or phrases may only become evident when placed in context." *King v. Burwell*, 576 U.S. 473, 486 (2015) (internal quotation marks and citation omitted). Thus, "when deciding whether language is plain, we must read the words in their context and with a view to their place in the overall statutory scheme." *San Carlos Apache Tribe v. Becerra*, 53 F.4th 1236, 1240 (9th Cir. 2022), *aff'd,* 602 U.S. 222 (2024) (internal quotation marks omitted) (quoting *King*, 576 U.S. at 486).

The Court finds the plain text of § 1225(b)(2) does not support Respondents' contention that it applies to any noncitizen present in the United States who has not been admitted. The terms, title, and context indicate a narrower application. An "applicant for admission" detained under § 1225(b)(2) requires an "examining immigration officer" to determine that the noncitizen "seeking admission is not clearly and beyond a doubt entitled to be admitted." § 1225(b)(2)(A). Broadly reading §1225(b)(2) detention to merely require being "applicants for admission"—noncitizens present in the United States who have not been admitted or who arrive in the United States—ignores the other language that also requires them to be "seeking admission" and for the examining officer to determine they are "not clearly and beyond a doubt entitled to be admitted." *See Shulman v. Kaplan*, 58 F.4th 404, 410–11 (9th Cir. 2023) ("[A] court 'must interpret the statute as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous.'" (citation omitted)); *see also Guerrero Orellana v. Moniz*, No. 25-CV-12664-PBS, 2025 WL 2809996, at *6 (D. Mass. Oct. 3, 2025); *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910, at *4–5 (E.D. Cal. Sept. 23, 2025); *Garcia v. Noem*, No. 25-CV-02180-DMS-MMP, 2025 WL 2549431, at *6 (S.D. Cal. Sept. 3, 2025); *Lopez Benitez v. Francis*, No. 25 CIV. 5937 (DEH), 2025 WL 2371588, at *3 (S.D.N.Y. Aug. 13, 2025). Furthermore, the title of § 1225 is "Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing," which indicates that this

section is limited to people applying for admission when they arrive in the United States or upon recent entry. *See Dubin v. United States*, 599 U.S. 110, 120–21 (2023) ("This Court has long considered that the title of a statute and the heading of a section are tools available for the resolution of a doubt about the meaning of a statute." (internal quotation marks and citation omitted)). Petitioner was not actively "seeking admission" upon arrival or recent entry at the border, nor did immigration officers inspect Petitioner and determine he was not entitled to be admitted. Instead, he had been living in the country for over twenty-one years, has extensive family ties in the United States including his wife and child who are both U.S. citizens, has worked in construction for many years, and was arrested at an ICE raid at Home Depot in Los Angeles. Pet. ¶¶ 18-21.

Respondents contend that "seeking admission" is simply a characteristic of all "applicants for admission" and not a separate requirement, but the Court is not persuaded. *See* ECF No. 7 at 9. As other courts have found, the use of the present participle "seeking" "necessarily implies some sort of present-tense action." *See, e.g.*, *Lepe*, 2025 WL 2716910, at *5 (quoting *Martinez v. Hyde*, No. CV 25-11613-BEM, 2025 WL 2084238, at *6 (D. Mass. July 24, 2025)). The plain text of § 1225(b)(2)(A) requires a noncitizen present without admission to be actively seeking lawful entry. *See id.*; *Esquivel-Ipina v. LaRose*, No. 25-CV-2672 JLS (BLM), 2025 WL 2998361, at *5 (S.D. Cal. Oct. 24, 2025) (agreeing with other courts in the Ninth Circuit who find that "seeking admission" requires an affirmative act such as entering the United States or applying for status (citing cases)). Respondents' interpretation would render the term "seeking admission" superfluous. *See Shulman*, 58 F.4th at 410–11; *Lepe*, 2025 WL 2716910, at *5 ("The government's position would make the 'seeking admission' language meaningless and violate the rule against surplusage." (citations omitted)). The Ninth Circuit has already rejected an interpretation of "applicant for admission" that would consider any applicant for admission as someone also "deemed to have made an actual *application* for admission." *See Torres v. Barr*, 976 F.3d 918, 927 (9th Cir. 2020); *see also Echevarria v. Bondi*,

No. CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282, at *6 (D. Ariz. Oct. 3, 2025) (citing *Torres*, 976 F.3d 918).

Additionally, if Respondents' argument that all noncitizens present in the country without admission are subject to mandatory detention under § 1225(b)(2) is true, it would render superfluous a recent amendment to § 1226(c). *Lepe*, 2025 WL 2716910, at *6 (collecting cases). Section 1226(a) provides discretionary detention of noncitizens pending a decision on removal, except for certain noncitizens who are inadmissible or deportable due to certain crimes described in § 1226(c). In 2025, the Laken Riley Act added a subsection to § 1226(c)(1), denying bond or parole to any noncitizen who is both (1) inadmissible under § 1182(a)(6)(A), (6)(C), or (7) as a noncitizen "present without admission or parole," or without valid entry documents, or who used fraud or misrepresentation to obtain entry documents, *and* (2) charged with, arrested for, or convicted of certain crimes. Laken Riley Act, Pub. L. No. 119-1, 139 Stat 3 (2025); § 1226(c)(1)(E). In other words, if noncitizens are present without admission and they have *not* committed certain crimes, they are detained under § 1226(a)'s default provisions. *See* § 1226(a) (providing discretion to release noncitizens on bond or parole "[e]xcept as provided in subsection (c)"); *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1256 (W.D. Wash. 2025). "As the Supreme Court has recognized, when Congress creates 'specific exceptions' to a statute's applicability, it 'proves' that absent those exceptions, the statute generally applies." *Rodriguez*, 779 F. Supp. 3d at 1256–57 (citing *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 400 (2010)). Therefore, if—as Respondents urge—all noncitizens present without admission were already subject to mandatory detention under § 1225(b)(2), there would be no need for an amendment that mandates detention for all noncitizens "present without admission or parole" *and* who have been charged with certain crimes. *See Lepe*, 2025 WL 2716910, at *6; *Garcia*, 2025 WL 2549431, at *6. "When Congress acts to amend a statute, we presume it intends its amendment to have real and substantial effect." *Stone v. I.N.S.*, 514 U.S. 386, 397 (1995), *abrogated on other grounds b*y *Riley v. Bondi*, 145 S. Ct. 2190 (2025). The Court will not

find that Congress passed the Laken Riley Act to add an amendment that performs the same function as §1225(b)(2). *Maldonado v. Olson*, No. 25-CV-3142 (SRN/SGE), 2025 WL 2374411, at *12 (D. Minn. Aug. 15, 2025); *see also Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 386 (2013) ("[T]he canon against surplusage is strongest when an interpretation would render superfluous another part of the same statutory scheme.").

Accordingly, under the plain language of § 1225 and § 1226, the Court finds, as have many other courts addressing the same issue, that Petitioner's detention, as a noncitizen present in the United States without being admitted or paroled under § 1182(a)(6)(A)(i) and who was residing in the country prior to being charged, is governed by the discretionary detention provision of § 1226(a) and not the mandatory detention of § 1225(b)(2). *See, e.g., Contreras-Cervantes v. Raycraft*, No. 2:25-CV-13073, 2025 WL 2952796, at *8 & n.4 (E.D. Mich. Oct. 17, 2025) (collecting cases); *Rodriguez v. Bostock*, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *1 n.3 (W.D. Wash. Sept. 30, 2025) (collecting cases). *But see Chavez v. Noem*, No. 3:25-CV-02325-CAB-SBC, 2025 WL 2730228, at *4 (S.D. Cal. Sept. 24, 2025) (finding petitioners as noncitizens residing in the country without inspection or parole are "applicants for admission" and properly detained under § 1225(b)(2)). This finding also comports with the Supreme Court's interpretation that § 1225(b) applies to the detention of "aliens seeking admission into the country" while § 1226 applies to "aliens already in the country" during removal proceedings. *See Jennings*, 583 U.S. at 289. It is also consistent with years of agency practice based on regulations from EOIR in 1997 issued to implement the provisions of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), which includes the detention provisions of § 1225 and § 1226. *See* Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures, 62 Fed. Reg. 10312, 10312 (Mar. 6, 1997). The agency regulation explained under a section titled "Apprehension, Custody, and Detention of Aliens" that "non-criminal aliens" are subject to "the new $1,500 minimum bond specified by IIRIRA," and that "[d]espite being applicants for admission, aliens who are present without having been admitted or paroled

1  (formerly referred to as aliens who entered without inspection) will be eligible for bond

2  and bond redetermination." *Id.* at 10323.

3      Having reached this conclusion that Petitioner is not an applicant for admission

4  under 8 U.S.C. § 1225(b), but rather under 8 U.S.C. § 1226(a), the Court declines to address

5  Petitioner's remaining claims for relief.

6  **C.    Remedy**

7      The immigration judge has already ordered the Petitioner to be released on bond

8  under 8 U.S.C. § 1226(a). Pet. at 29-30. Accordingly, the Court finds that Petitioner's

9  immediate release, subject to Petitioner posting the bond, is appropriate in these

10  circumstances.

11  **IV.   CONCLUSION**

12      For the reasons set forth above, the Court **ORDERS**:

13      1.    Petitioner's Petition for Writ of Habeas Corpus is **GRANTED IN PART**[1].

14      2.    Respondents shall release Petitioner within **24 hours** of him posting bond in

15  the amount of $7,500 as previously determined by the Immigration Judge to "ensure his

16  appearance at future hearings."

17      3.    The parties are **ORDERED** to file a joint status update to confirm whether

18  Petitioner has been released within 24 hours of his posting of bond, and upon receipt, the

19  Clerk will close this case.

20      **IT IS SO ORDERED**.

21  Dated:  December 9, 2025

22

23  _____
    Honorable Linda Lopez
    United States District Judge

24

25

26

27

28
_____

[1] Petitioner also requests attorney's fees, but the Court **DENIES** without prejudice Petitioner's request.

25cv2190-LL-MMP